```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-60920-Civ-MORENO
                              MAGISTRATE JUDGE P.A. WHITE
ROBERT JACKSON,               :

     Petitioner,              :

v.                            :       REPORT OF
                                      MAGISTRATE JUDGE
WALTER A. McNEIL,             :

     Respondent.              :
_____
```

## I. Introduction

Robert Jackson, who is presently confined at Dade Correctional Institution in Florida City, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Jackson is contesting his placement on conditional release. He has not presented argument attacking the revocation of his release. Jackson is **not** attacking his conviction and sentence in case numbers 89-20632, 90-07194 and 91-00004, entered in the Seventeenth Judicial Circuit Court for Broward County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, a supporting memorandum of law, the Respondent's response to an order to show cause (with appendix of exhibits) and the reply to the response.

## II. Procedural History

1

Jackson has been convicted of numerous crimes under three separate cases. On September 7, 1990 Jackson was first convicted, after a jury trial, of second degree murder in case number 89-20632. This conviction was reversed on appeal and Jackson subsequently entered a guilty plea on March 19, 1993. He was sentenced to 25 years on this case. This sentence was made concurrent with the sentences imposed in case number 90-7194 and 91-0004. (DE# 12-1, Ex. B).

While his conviction in case number 89-20632 was under review he was convicted of multiple charges in two separate cases.

On December 13, 1990 Jackson was convicted in case number 90-7194. This cases included convictions for armed kidnaping (Count 1), two counts of sexual battery (counts 2 & 3), aggravated battery (count 4) and armed burglary (count 5). He was concurrently sentenced to twenty two years on count 1, fifteen years on Counts 2 and 3, fifteen years on count 4, and five years on count 5. (DE# 12-1, Ex. C).

On February 8, 1991 Jackson was convicted in case number 91-0004. This case included convictions for aggravated battery on a law enforcement officer (count 1), escape (count 2), and introduction of contraband into a detention facility (count 3). Jackson was concurrently sentenced to fifteen years on all three counts. (DE# 12-1, Ex. D).

Jackson served a portion of his total sentence in state prison and was placed on conditional release from Glades Correctional Institution on September 26, 2001. Jackson refused to sign the Certificate of Conditional Release. Jackson had previously signed an Acknowledgment of Interview advising him of an interview to

determine his eligibility for conditional release pursuant to section 947.1405, Florida Statues. (DE# 12-2, Ex. E).

The Florida Parole Commission issued three separate warrants to retake Jackson. The first was issued on November 8, 2001. (DE# 12-2, Ex.F). The second was issued on October 31, 2002. (DE# 12-2, Ex. H). The third was issued on June 9, 2006. (DE# 12-2, Ex. K). Each of these warrants resulted in a conditional release revocation hearing. The first two revocation hearings concluded finding no violation. (DE# 12-2, Ex. G, J). The third hearing resulted in Jackson's conditional release being revoked. (DE# 12-2, Ex. L). Jackson's conditional release was revoked on September 20, 2006. (DE# 12-2, Ex. M).

Jackson's petition alleges that he filed a motion for post conviction relief. He does not allege what grounds were raised other than newly discovered evidence, nor provide any proof that such a motion was filed. However, review of public records of Florida reveals that at some time in 2008 Jackson filed a motion contesting his plea in case number 90-7194. See Jackson v. State, 985 So. 2d 679 (Fla. 4th DCA 2008). According to the decision in this case Jackson raised a claim of newly discovered evidence that he claimed showed counsel was ineffective for failing to advise that he could forfeit gain time upon violation of conditional release. Id. The motion was dismissed as untimely. Id. at 680. The appellate court affirmed the denial of the motion as untimely, but certified conflict with other Florida appellate courts. Id. Jackson sought review in the Florida Supreme Court, however on March 19, 2009 review was declined. See Jackson v. State, 7 So. 3d 535 (Fla. 2009)(Table).

Jackson also claims that he filed a petition for writ of

habeas corpus in the Tenth Judicial Circuit of Florida. He alleges that he was contesting forfeiture of gain time. Again, he does not provide any further detail or proof of filing such a petition. However, review of public records of Florida reveals that a petition for writ of certiorari was denied by the Second District Court of Appeal on February 1, 2008. See Jackson v. State, 979 So. 2d 228(Fla. 2d DCA 2008)(Table). Other than Jackson's claim that this proceeding involved gain time, no other information is known about this case.

Jackson filed the instant petition on June 18, 2009.[1] Jackson raises only one claim. He claims that he is being denied due process of law contending that he was unlawfully placed on conditional release. Jackson acknowledges that he has not raised this claim in State court.

### III. Statute of Limitations

The State of Florida Parole Commission ["Commission"] has filed a response to the petition contending that it is untimely. The Commission's position is well taken.

Jackson's sole claim is that his due process rights were allegedly violated when he was unlawfully placed on conditional release. Jackson is not challenging the revocation of his conditional release. Jackson was placed on conditional release on September 26, 2001. Conditional release was ultimately revoked September 20, 2006.

A one-year statute of limitations applies to petitions for

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

writ of habeas corpus filed by State prisoners. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or at the time when seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). However the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence is also a proper starting date for the limitations period. 28 U.S.C. § 2244(d)(1)(D).

This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." See Lawrence v. Florida, 549 U.S. 327 (2007); Helton v. Sec'y, Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) ("Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."). For equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Lawrence, 549 U.S. at 336 (citation omitted).

Jackson's claim in the instant petition is based upon a factual predicate that he was made aware of on September 26, 2001 when he was placed on conditional release. He filed the instant petition on June 18, 2009. Therefore, the petition is untimely unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. § 2244(d)(2). There is no indication that

5

Jackson filed any state proceedings within the one year limitations period that commenced September 26, 2001.

Even if Jackson is given the benefit of the September 20, 2006 date on which his conditional release was revoked, he has not filed this petition in a timely manner. Jackson acknowledges there have been no proceedings in State court addressing the instant claim. The one post conviction motion, filed in 2008, was filed more than one year after his conditional release was revoked and thus did not toll the limitations period. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001) (petition for relief in state court filed after the federal limitations period has expired cannot toll the period because nothing remains to be tolled). Even if the claim filed in the Tenth Circuit Court of Florida was filed within one year, final review of that claim occurred on April 18, 2008 upon denial of rehearing of his petition for writ of certiorari.[2] More than one year expired after the conclusion of review and thus this petition would be untimely.

Jackson has filed a reply to the Commission's response. Despite the Commission's argument regarding the timeliness of his petition, Jackson has not argued how his claim is timely or alleged that any "extraordinary circumstances" beyond his control prevented him from timely filing this petition. Nor has he established that a timely filing was unavoidable even with his exercise of due diligence. See Lawrence, 421 F.3d at 1226. Accordingly, equitable tolling does not prevent application of AEDPA's time bar in this case and he is not entitled to review on the merits.

---

[2] The court takes judicial notice of the online docket of the Second District Court of Appeal found at http://199.242.69.70/pls/ds/ds_docket, Case number 2D07-4041.

## IV. Exhaustion

In its response the Commission contends that Jackson has not exhausted his claim in State court. This contention is well taken.

Jackson acknowledges that he did not raise this claim in State court. He contends that he is not required to exhaust this claim and cites to <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 125 S.Ct 1242 (2005), for the proposition that "state prisoners attacking the constitutionality of procedures may avoid the state court exhaustion requirement of federal habeas review." Jackson's reliance on <u>Wilkinson</u> is misplaced. <u>Wilkinson</u> involved a claim brought under 42 U.S.C. § 1983. There the court held that prisoners challenging the constitutionality of state parole procedures under section 1983 were not required to pursue their relief under 28 U.S.C. § 2254. <u>Wilkinson</u> at 82. The court specifically held that the petitioners could pursue such relief because they were not seeking immediate or speedier release. <u>Id.</u> In the instant case Jackson has specifically stated that he seeks immediate release. As such he is required to pursue his relief under 28 U.S.C. 2254 and is subject to the exhaustion requirements found therein.

An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. <u>See</u> 28 U.S.C. § 2254(b), (c). A claim must be presented to the highest court of the state to satisfy the exhaustion requirement. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999); <u>Richardson v. Procunier</u>, 762 F.2d 429, 430 (5th Cir. 1985); <u>Carter v. Estelle</u>, 677 F.2d 427, 443 (5th Cir. 1982). In a Florida non-capital case, this means the applicant must have presented his claims in a district court of appeal. <u>Upshaw v. Singletary</u>, 70 F.3d 576, 579 (11th Cir. 1995). The claims must be presented in State court in a

procedurally correct manner. Id.  Moreover, the habeas applicant must have presented the State courts with the same federal constitutional claim that is being asserted in the habeas petition. "It is not sufficient merely that the federal habeas petitioner has been through the state courts ... nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Kelley v. Sec'y, Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971); Anderson v. Harless, 459 U.S. 4, 6 (1982)). A petitioner is required to present his claims to the state courts such that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. at 275-77. To satisfy this requirement, "[a] petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337 (11th Cir. 2007) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). "Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998).

Jackson, by his own admission, has not presented this claim in State court.  Thus he has failed to exhaust the available State court remedies.  Having failed to exhaust his State court remedies he is procedurally barred from proceeding with this claim in federal court. See 28 U.S.C. § 2254(b), (c).

## V. Discussion

Even if Jackson were able to overcome the exhaustion and time bar discussed above, he still would not be entitled to relief.

8

Jackson's argument presents no cognizable federal constitutional issue. His initial argument addresses issues that are strictly within the province of Florida law. His argument focuses on the Commission's promulgation of certain procedures pursuant to enabling legislation of the Florida Legislature. He contends that the regulations were not promulgated pursuant to Florida Administrative Procedures Act. His initial argument made no reference to any specific constitutional violation, other than citation to the Fourteenth Amendment.

Whether Jackson qualifies for conditional release, and what procedure was used to determine whether Jackson qualifies, depends on Florida's construction and application of its own statutes. See § 947.1405, Fla. Stat. The State's adherence to the procedures set forth in its own statutes does not implicate federal due process concerns. See e.g., Taylor v. David, 2008 WL 906693 (N.D. Fla. April 1, 2008) (due process allegation the Commission failed to follow its statutory obligations did not state a claim for habeas relief). Under such circumstances, no federal constitutional right is implicated and accordingly there is no basis for habeas relief. See e.g., Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988).

In his reply to the Commission's response Jackson argues that the application of the conditional release statute in his case violates the *ex post facto* clause of the United States Constitution. He argues that the conditional release state was enacted after the commission of his crimes. Jackson argument is without merit.

First, Jackson's argument is incorrect in that the conditional release statute was enacted in 1988. See § 947.1405, Fla. Stat. He committed all crimes subject to this proceeding after 1988. Thus

9

Jackson cannot establish that his placement on conditional release implicates the ex post facto clause. To fall within the *ex post facto* prohibition, a law must be retrospective, that is, "it must apply to events occurring before its enactment" and it "must disadvantage the offender affected by it" by altering the definition of criminal conduct or increasing the punishment for the crime. Collins v. Youngblood, 497 U.S. 37, 50 (1990); see also Lynce v. Mathis, 519 U.S. 433, 441 (1997). In Jackson's case the conditional release law was in effect prior to the commission of any of the crimes included in his petition, thus it had no retrospective application.

The court will not conduct further analysis of the *ex post facto* issue as there was no retroactive application. The court would note that the State has presented a well reasoned argument on this issue.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 18TH day of June, 2010.

UNITED STATES MAGISTRATE JUDGE

cc:   Robert Jackson, pro se
      DC#663011
      Dade Correctional Institution
      1900 S.W. 377th Street
      Florida City, FL 33034

10

Sarah J. Rumph
General Counsel
Florida Parole Commission
2601 Blair Stone Road, C-220
Tallahassee, FL 32399

Sheron L. Wells
Assistant General Counsel
Florida Department of Corrections
2601 Blair Stone Road
Tallahassee, FL 32399